IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

FILED

SEP 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PT (PERSERO) MERPATI NUSANTARA AIRLINES
JALAN. ANGKASA BLOCK B-15
KAV 2-3
JAKARTA 10720
INDONESIA

    PLAINTIFF,

v.

HUME & ASSOCIATES, P.C.
1924 N STREET, N.W.
WASHINGTON, D.C. 20036

    SERVE: REGISTERED AGENT
          JON C. COOPER
          1924 N STREET, NW

AND

JON C. COOPER, INDIVIDUALLY
1924 N STREET, N.W.
WASHINGTON, D.C. 20036

AND

3109 18TH STREET, N.W.
WASHINGTON, D.C. 20010

AND

2810 ADAMS MILL RD, N.W.
WASHINGTON, D.C. 20009

AND

ROBERT HUME
11711 NE YOMALT POINT DRIVE
UNIT D
BAINBRIDGE ISLAND, WASHINGTON 98110-3933

    DEFENDANTS.

CASE NO._____

Case: 1:07-cv-01701
Assigned To : Friedman, Paul L.
Assign. Date : 9/24/2007
Description: Contract

-1-

*LAW OFFICES*
BEAN, KINNEY & KORMAN
A PROFESSIONAL CORPORATION
2300 WILSON BOULEVARD, 7TH FLOOR
ARLINGTON, VIRGINIA 22201

## COMPLAINT

Comes Now Plaintiff, Pt (Persero) Merpati Nusantara Airlines (hereinafter referred to as "Merpati") and for its Complaint against Hume & Associates, P.C. ("Hume & Associates"), Robert Hume ("Hume"), and Jon C. Cooper ("Cooper") (collectively "Defendants") states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 in that Plaintiff and Defendants are citizens of different states and the amount of controversy is in excess of $75,000.00, exclusive of costs and interest.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 in that Defendants have been conducting business relevant to this action within this District and many of the acts alleged to have been taken by Defendants occurred within this District.

### PARTIES

3. Merpati is an airline company located in the country of Indonesia.

4. Hume & Associates is a District of Columbia professional corporation engaged in the practice of law. At all times relevant to this Complaint, Hume & Associates maintained an office in the District of Columbia.

5. Non-Defendant Thirdstone Aircraft Leasing Group, Inc. ("Thirdstone") is a Delaware corporation engaged in the business of leasing commercial aircraft. At all times relevant to this Complaint, Thirdstone maintained an office in the District of Columbia. Thirdstone is a judgment debtor pursuant to a judgment entered by this

Court on July 8, 2007 in Case No. 1:07-CV-00717.

6. On information and belief, Hume is a resident of the state of Washington, was a stockholder of Thirdstone and the President of Hume & Associates at all times relevant to this Complaint, regularly conducted business in the District of Columbia, and is believed to have received all or a portion of the funds at issue in this cause of action.

7. Cooper is a District of Columbia resident, was the Secretary of Thirdstone and an attorney with Hume & Associates at all times relevant to this Complaint, regularly conducted business in the District of Columbia and is believed to have received all or a portion of the funds at issue in this cause of action.

8. Non-Defendant Alan Messner ("Messner") was the Chief Executive Officer of Thirdstone at all relevant times to this Complaint and is a judgment debtor pursuant to a judgment entered by this Court against Messner on July 8, 2007 in Case No. 1:07-CV-00717.

## FACTUAL BACKGROUND

9. During the summer of 2006, Merpati entered into negotiations with Thirdstone for the purpose of leasing two commercial aircraft; a Boeing 737-500, manufacturer's serial number 24898 ("B737-500") and a Boeing 737-400, manufacturer's serial number 23869 ("B737-400").

10. Throughout the negotiations, Hume & Associates, Hume, and Cooper acted as counsel for Thirdstone and/or Merpati.

11. On December 18, 2006 Merpati and Thirdstone entered into a Lease of Aircraft for

the B737-500 ("B737-500 Lease").

12. The B737-500 Lease required that Thirdstone deliver the aircraft to Merpati by January 5, 2007. The B737-500 Lease also provided for a thirty day extension of the delivery date. The extended delivery date was February 4, 2007.

13. Hume & Associates, Hume, and/or Cooper, acting as attorneys for Thirdstone and/or Merpati, drafted the B737-500 Lease.

14. On December 18, 2006, Thirdstone and Merpati entered into a Lease of Aircraft for the B737-400 ("B737-400 Lease"). The delivery date for the aircraft was March 20, 2007.

15. Hume & Associates, Hume and/or Cooper, acting as attorneys for Thirdstone and/or Merpati, drafted the B737-400 Lease.

16. As a condition of leasing the B737-500 and the B737-400, Thirdstone required Merpati to deposit $500,000.00 for each aircraft as a security deposit, for a total security deposit of One Million Dollars ($1,000,000.00) ("Security Deposit").

17. The Security Deposit was refundable in the event that Thirdstone failed to lease the aircraft to Merpati.

18. On or about December 15, 2006, Hume & Associates, Hume, and Cooper agreed to receive and maintain the Security Deposit. Hume & Associates, Hume, and Cooper knew that the Security Deposit was to be used solely to secure the respective leases of the B737-500 and the B737-400 on behalf of Merpati and was to be distributed only to Bristol Aircraft upon instruction that the lease transactions had been completed.

19. On or about December 20, 2006, Merpati wired the Security Deposit from its account at Bank Mandiri in Indonesia to Hume & Associates' account, number ****0436 at PNC Bank in Washington, DC.

20. On December 20, 2006, Cooper certified that Hume & Associates received the Security Deposit from Merpati.

21. The extended delivery date of February 4, 2007 for the B737-500 passed and Thirdstone did not deliver the B737-500 to Merpati.

22. The delivery date of the March 20, 2007 for the B737-400 aircraft passed and Thirdstone did not deliver the B737-400.

23. The Lease Agreement for the B737-500 required the Security Deposit to be returned promptly to Merpati in the event that Thirdstone did not produce the B737-500 by the extended delivery date.

24. The Lease Agreement to lease the B737-400 required the Security Deposit to be returned promptly to Merpati in the event that Thirdstone did not produce the B737-400 by the extended delivery date.

25. Merpati has made repeated demands to Thirdstone, Messner, Hume & Associates, Hume, and Cooper for the return of the Security Deposit.

26. To date, Defendants have not returned any of the Security Deposit.

27. On information and belief, sometime after December 20, 2006, Cooper caused all or a portion of the Security Deposit to be deposited into Cooper's personal bank account maintained at PNC Bank.

28. On information and belief, Cooper caused all or a portion of the Security Deposit to

be paid to Hume.

29. On information and belief, Cooper caused all or a portion of the Security Deposit to be paid to Messner.

## COUNT I
### (Breach of Contract)

30. Merpati repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1-29 as if they were set forth herein.

31. Defendants entered into an agreement with Merpati to accept and disburse the Security Deposit in accordance with the B737-500 Lease and the B737-400 Lease.

32. Defendants breached the B737-500 Lease and the B737-400 Lease with Merpati by transferring and/or distributing the Security Deposit to parties other than Merpati.

33. As a result of Defendants' breach, Merpati has been damaged in an amount no less than One Million Dollars ($1,000,000.00).

## COUNT II
### (Breach of Fiduciary Duty)

34. Merpati repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1-29 above as if they were set forth herein.

35. Defendants each had a fiduciary duty to Merpati to hold the Security Deposit in trust according to the terms and conditions of their agreements with Merpati and with Thirdstone.

36. In breach of said fiduciary duty, Defendants have misappropriated the Security Deposit and have failed and refused to return it to Merpati despite Merpati's

demands. As a result of this breach, Merpati has been damaged in an amount not less than One Million Dollars ($1,000,000.00).

## COUNT III
### (Negligence)

37. Merpati repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1-29 above as if they were set forth herein.

38. Defendants owed a duty to Merpati to exercise reasonable care in the handling and disposition of the Security Deposit.

39. Defendants breached their duty of care by permitting or causing the Security Deposit to be disbursed or transferred to themselves and/or other parties other rather than to Merpati.

40. As a result of Defendants' negligence, Merpati has suffered damages in no less than One Million Dollars ($1,000,000.00).

## COUNT IV
### (Conversion)

41. Merpati repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1-29 above, as if they were set forth herein.

42. On information and belief, sometime after December 20, 2006, Defendants caused all or a portion of the Security Deposit to be transferred from a bank account at Hume & Associates to Cooper's personal bank account.

43. The transfer of the Security Deposit from account number ****0436 to Cooper was without the knowledge or consent of Merpati.

44. Sometime after December 20, 2006, Defendants caused a portion of the Security Deposit to be transferred to Messner.

45. Sometime after December 20, 2006, Defendants caused a portion of the Security Deposit to be paid to Hume.

46. Merpati has demanded that Defendants return the Security Deposit and they have refused to do so.

47. Defendants have wrongfully and intentionally converted the Security Deposit for their own use or for their benefit with the intention of permanently depriving Merpati from those funds.

48. On information and belief, to this date, Defendants continue to exercise dominion over the Security Deposit without Merpati's consent and are using Merpati's property as their own.

49. The intentional conversion of the Security Deposit for their own purposes and refusal to refund the funds has deprived Merpati of its right to own and use its funds.

50. Merpati has been damaged by the wrongful conversion in the amount of at least One Million Dollars ($1,000,000.00).

## COUNT V
### (Accounting)

51. Merpati repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1-29 above, as if they were set forth herein.

52. Unless Merpati is able to determine the current whereabouts of the Security Deposit and any proceeds or products thereof, it will be denied effective relief because it is

unlikely that Defendants or the judgment debtors in Case No. 1:07-cv-00717 RJL will be able to satisfy any money judgment in favor of Merpati.

53. Merpati is entitled to an accounting from all of the Defendants regarding the disposition or retention of any Security Deposit funds or the proceeds or products thereof by any of them.

## COUNT VI
### (Injunction)

54. Merpati repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1-29 above, as if they were set forth herein.

55. Unless Defendants are prevented from further transfer of the Security Deposit or its proceeds, the funds are likely to be transferred beyond the reach of any legal remedy available to Merpati and Merpati will suffer irreparable harm.

56. Merpati is entitled to the issuance of an injunction against Defendants, requiring that they refrain from any transfer of any portion of the Security Deposit or any proceeds or products thereof, until further order of this Court.

WHEREFORE Plaintiff PT (Persero) Merpati Nusantara Airlines respectfully request that this Court grant it the following relief:

1. Enter judgment in its favor and against Hume & Associates, Hume, and Cooper, jointly and severally, for compensatory damages in the amount of One Million Dollars ($1,000,000.00).

2. Award it both pre-judgment and post-judgment interest as appropriate.

3. Order Hume & Associates, Hume, and Cooper to provide an accounting of any

portion of the Security Deposit ever held by or now held by them as well as any transaction involving the Security Deposit or any portion thereof.

4. Impose a constructive trust on any portion of the Security Deposit held by Hume & Associates, Hume, or Cooper.

5. Enjoin Hume & Associates, Hume, and Cooper from any transfer or other disposition of any portion of the Security Deposit or the proceeds or product thereof; and,

6. Grant it such other and further relief as this Court deems just and proper.

Respectfully Submitted,

PT (Persero) Merpati Nusantara Airlines
By Counsel

BEAN, KINNEY & KORMAN, P.C.

By: _____
James R. Schroll, Esquire (DC Bar No. 256099)
Juanita F. Ferguson, Esquire (DC Bar No. 471045)
2300 Wilson Boulevard, 7th Floor
Arlington, Virginia 22201
Phone: 703-525-4000
Facsimile: 703-525-2207

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
PT (Persero) Merpati Nusantara Airlines

## DEFENDANTS
Hume & Associates, P.C., Jon C. Cooper, Individually & Robert Hume

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF — Indonesia
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James R. Schroll, Esq.
Philip M. Keating, Esq.
Juanita F. Ferguson, Esq.
Bean, Kinney & Korman, P.C.
2300 Wilson Blvd., 7th Floor
Arlington, VA 22201
*(703) 525-4000

Case: 1:07-cv-01701
Assigned To : Friedman, Paul L.
Assign. Date : 9/24/2007
Description: Contract

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⦿ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ⦿ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ⦿ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ⊗ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
This is a breach of contract action with related tort claims filed pursuant to the diversity jurisdiction  28 USC 1332

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** $1,000,000.00  Check YES only if demanded in complaint
**JURY DEMAND:** YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 9-24-07   SIGNATURE OF ATTORNEY OF RECORD  [signature]

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.