IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PT (PERSERO) MERPATI NUSANTARA AIRLINES, | * * * |
| Plaintiff, | * * |
| vs. | *   Case No. 1:07-CV-01701 |
| | *   Judge:  Paul L. Friedman |
| HUME & ASSOCIATES, PC, *et al.* | * * |
| Defendants. | * |

**ANSWER OF DEFENDANTS
<u>HUME & ASSOCIATES, P.C. AND JON C. COOPER TO COMPLAINT</u>
And
<u>DEMAND FOR JURY TRIAL</u>**

Defendants Hume & Associates, PC and Jon C. Cooper, Ph.D. (hereinafter referred to collectively as "Defendants"), by and through undersigned counsel, hereby answer the Complaint filed against them by the Plaintiff in the above-referenced action and state as follows:

<u>FIRST DEFENSE</u>

The Complaint fails to state a claim upon which relief can be granted to the Plaintiff.

<u>SECOND DEFENSE</u>

In response to the individually-numbered paragraphs of the Complaint, Defendants respond as follows:

<u>Jurisdiction and Venue</u>

1.    Paragraph 1 of the Complaint sets forth a legal contention to which no averment is required.  To the extent that an averment is required, Defendants state that they do not contest subject matter jurisdiction at this time.

2.      Paragraph 2 of the Complaint sets forth a legal contention to which no averment is required.  To the extent that an averment is required, Defendants state that they do not contest venue at this time.

Parties

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 3 of the Complaint, and they therefore demand strict proof thereof.  Nevertheless, Defendants admit the allegations contained in paragraph 3 of the Complaint to the best of their knowledge, information, and belief.

4.      Defendants admit the allegations set forth in paragraph 4 of the Complaint.

5.      Defendants admit the allegations set forth in paragraph 5 of the Complaint, except that they aver that the date of the Order is July 9, 2007.

6.      With respect to the allegations set forth in paragraph 6 of the Complaint, Defendants admit that Mr. Hume was a stockholder of Thirdstone, but aver that he was not a stockholder of Thirdstone at any of the times relevant to claims and allegations at issue in this lawsuit.  Defendants are without knowledge or information sufficient to form a belief as to whether Defendant Hume is resident of the state of Washington.  Defendants admit that Mr. Hume received a portion of the funds at issue in this action.  Defendants admit the remaining allegations contained in paragraph 6 of the Complaint.

7.      With respect to the allegations set forth in paragraph 7 of the Complaint, Defendants admit that Mr. Cooper received a portion of the funds at issue in this action pursuant to the instructions of Alan Messner, the Chief Executive Officer of Thirdstone.  Defendants admit the remaining allegations set forth in paragraph 7 of the Complaint.

8. Defendants admit the allegations set forth in paragraph 8 of the Complaint, except that they aver that the date of the Order is July 9, 2007.

## Factual Background

9. Defendants admit the allegations set forth in paragraph 9 of the Complaint, but aver that the negotiations between Merpati and Thirdstone were conducted in November and December of 2006, not during the summer of 2006.

10. Defendants deny the allegations set forth in paragraph 10 of the Complaint.

11. With respect to the allegations set forth in paragraph 11 of the Complaint, Defendants do not recall when or whether Merpati and Thirdstone entered into a lease with respect to a 737-500 aircraft. Any such lease speaks for itself, and defendants deny any allegations inconsistent therewith.

12. The document referred to in paragraph 12 of the Complaint speaks for itself, and Defendants deny any allegations inconsistent therewith.

13. Defendants deny the allegations set forth in paragraph 13 of the Complaint.

14. With respect to the allegations set forth in paragraph 14 of the Complaint, Defendants do not recall when or whether Merpati and Thirdstone entered into a lease with respect to a to a 737-400 aircraft. Any such lease speaks for itself, and Defendants deny any allegations inconsistent therewith.

15. Defendants deny the allegations set forth in paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in paragraph 16 of the Complaint.

17. The allegations set forth in paragraph 17 of the Complaint are based on the documents at issue in this action, and those documents speak for themselves, and Defendants deny any allegations inconsistent therewith.

18. With respect to the allegations contained in paragraph 18 of the Complaint, Defendants aver that Hume & Associates accepted instructions from Alan Messner of Thirdstone, the company's Chief Executive Officer, to act as agents for the security deposit from Merpati Airlines. Otherwise, Defendants deny the allegations set forth in paragraph 18 of the Complaint.

19. Defendants admit the allegations set forth in paragraph 19 of the Complaint to the best of their knowledge, information, and belief.

20. Defendants admit the allegations set forth in paragraph 20 of the Complaint.

21. With respect to the allegations set forth in paragraph 21 of the Complaint, Defendants do not recall when or whether Merpati and Thirdstone entered into a lease with respect to a to a 737-500 aircraft or what if any extensions were entered into. Any such documents speak for themselves, and Defendants deny any allegations inconsistent therewith. Defendants admit that the aircraft was not delivered and aver that Merpati was not willing to wait for substitute aircraft to be obtained.

22. With respect to the allegations set forth in paragraph 22 of the Complaint, Defendants do not recall when or whether Merpati and Thirdstone entered into a lease with respect to a to a 737-400 aircraft or what if any extensions were entered into. Any

such documents speak for themselves, and Defendants deny any allegations inconsistent therewith. Defendants admit that the aircraft was not delivered and aver that Merpati was not willing to wait for substitute aircraft to be obtained.

23. The document referred to in paragraph 23 of the Complaint speaks for itself, and Defendants deny any allegations inconsistent therewith.

24. The document referred to in paragraph 24 of the Complaint speaks for itself, and Defendants deny any allegations inconsistent therewith.

25. Defendants admit the allegations set forth in paragraph 25 of the Complaint.

26. Defendants admit the allegations set forth in paragraph 26 of the Complaint and aver that it is the responsibility of Alan Messner and/or others to return the security deposit.

27. With respect to the allegations set forth in paragraph 27 of the Complaint, Defendants aver that Mr. Cooper, acting at the instruction of Alan Messner, the Chief Executive Officer of Thirdstone, opened a new account at PNC Bank on which Mr. Cooper was a signatory and into which Mr. Cooper deposited the security deposit to be disbursed at the further instruction of Mr. Messner. Defendants deny any remaining allegations set forth in paragraph 27 of the Complaint.

28. With respect to the allegations set forth in paragraph 28 of the Complaint, Defendants aver that, upon instructions from Alan Messner, who was the Chief Executive Officer of Thirdsone, and at the request of Mr. Hume, Mr. Cooper caused a portion of the security deposit to be paid to Mr. Hume. Otherwise, Defendants deny any remaining allegations that may be contained in paragraph 28 of the Complaint.

29. With respect to the allegations set forth in paragraph 29 of the Complaint, Defendants aver that, upon instructions from Alan Messner, who was the Chief Executive Officer Thirdsone, and at the request of Mr. Messner, Mr. Cooper caused a portion of the security deposit to be paid to Mr. Messner.  Otherwise, Defendants deny any remaining allegations that may be contained in paragraph 29 of the Complaint.

## COUNT I
### Breach of Contract

30. Defendants incorporate herein by reference the responses and averments set forth in paragraphs 1 through 29, above, as if they were fully set forth herein.

31. Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in paragraph 33 of the Complaint.

## COUNT II
### (Breach of Fiduciary Duty)

34. Defendants incorporate herein by reference the responses and averments set forth in paragraphs 1 through 29, above, as if they were fully set forth herein.

35. The documents referred to in paragraph 35 of the Complaint speak for themselves, and Defendants deny any allegations inconsistent therewith.  Furthermore, the allegations contained in paragraph 35 of the Complaint set forth legal conclusions to which no averment is required; to the extent that an averment is required, Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of the Complaint.

## COUNT III
### (Negligence)

37. Defendants incorporate herein by reference the responses and averments set forth in paragraphs 1 through 29, above, as if they were fully set forth herein.

38. The allegations contained in paragraph 38 of the Complaint set forth legal conclusions to which no averment is required; to the extent that an averment is required, Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in paragraph 40 of the Complaint.

## COUNT IV
### (Conversion)

41. Defendants incorporate herein by reference the responses and averments set forth in paragraphs 1 through 29, above, as if they were fully set forth herein.

42. With respect to the allegations set forth in paragraph 42 of the Complaint, Defendants aver that Mr. Cooper, acting at the instruction of Alan Messner, the Chief Executive Officer of Thirdstone, opened a new account at PNC Bank on which Mr. Cooper was a signatory and into which Mr. Cooper deposited the security deposit to be disbursed at the further instruction of Mr. Messner. Defendants deny any remaining allegations set forth in paragraph 42 of the Complaint.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 43 of the Complaint, and they therefore demand strict proof thereof.

44. With respect to the allegations set forth in paragraph 44 of the Complaint, Defendants aver that, upon instructions from Alan Messner, who was the Chief Executive Officer of Thirdsone, Mr. Cooper caused a portion of the security deposit to be paid to Mr. Messner. Otherwise, Defendants deny any remaining allegations that may be contained in paragraph 44 of the Complaint.

45. With respect to the allegations set forth in paragraph 45 of the Complaint, Defendants aver that, upon instructions from Alan Messner, who was the Chief Executive Officer of Thirdsone, and at the request of Mr. Hume, Mr. Cooper caused a portion of the security deposit to be paid to Mr. Hume. Otherwise, Defendants deny any remaining allegations that may be contained in paragraph 45 of the Complaint.

46. Defendants admit the allegations contained in paragraph 46 of the Complaint, except that Defendants deny that they have "refused" to return the security deposit.

47. Defendants deny the allegations set forth in paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in paragraph 50 of the Complaint.

## COUNT V
### (Accounting)

51. Defendants incorporate herein by reference the responses and averments set forth in paragraphs 1 through 29, above, as if they were fully set forth herein.

52. Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 52 of the Complaint, and they therefore demand strict proof thereof.

53. Defendants deny the allegations set forth in paragraph 53 of the Complaint.

## COUNT VI
### (Injunction)

54. Defendants incorporate herein by reference the responses and averments set forth in paragraphs 1 through 29, above, as if they were fully set forth herein.

55. Defendants deny the allegations set forth in paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in paragraph 56 of the Complaint.

### First Affirmative Defense

Defendants aver that Plaintiff's claims are barred, in whole or part, by the doctrine of failure to mitigate damages.

<u>Second Affirmative Defense</u>

Defendants aver that Plaintiff's claims are or may be barred, in whole or part, by the failure of privity.

<u>Third Affirmative Defense</u>

Defendants aver that the injuries, losses, and damages, if any, suffered by the Plaintiff are the result of its sole and/or contributory negligence.

<u>Fourth Affirmative Defense</u>

Defendants aver that the injuries, losses, and damages, if any, suffered by the Plaintiff are the result of its voluntary assumption of the risk.

<u>Fifth Affirmative Defense</u>

Defendants aver that the injuries, losses, and damages, if any, suffered by the Plaintiff are or may be the result of the sole or concurrent negligence or intentional acts of the remaining Defendant herein.

<u>Sixth Affirmative Defense</u>

Defendants aver that the injuries, losses, and damages, if any, suffered by the Plaintiff are or may be the result the sole or concurrent active and primary negligence of independent third parties over whom Defendant had no control.

Respectfully submitted,

BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC

By: _____
Geoffrey T. Hervey, # 415907
7315 Wisconsin Avenue, Suite 800 West
Bethesda, Maryland 20814
301-656-2707 phone
301-961-6525 fax
ghervey@bregmanlaw.com
Counsel for Defendants Hume & Assoc., P.C. and
Jon C. Cooper, Ph.D.

**<u>DEMAND FOR JURY TRIAL</u>**

Defendants hereby demand a trial by a jury with respect to all matters that may be properly submitted to a jury for trial.

BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC

By: _____
Geoffrey T. Hervey, # 415907
7315 Wisconsin Avenue, Suite 800 West
Bethesda, Maryland 20814
301-656-2707 phone
301-961-6525 fax
ghervey@bregmanlaw.com
Counsel for Defendants Hume & Assoc., P.C. and
Jon C. Cooper, Ph.D.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Answer was served by pursuant to the Court's ECF system at the time of filing on:

>James Schroll, Esquire jschroll@beankinney.com
>Juanita Ferguson, Esquire jfergusson@beankinney.com
>Bean Kinney & Korman, P.C.
>2300 Wilson Boulevard, 7th Floor
>Arlington, Virginia 22201,

and I further certify that a copy of the Answer was mailed, first-class postage paid, to Robert Hume, Esquire, 11711 N.E. Yomalt Point Drive, Unit D, Bainbridge Island, Washington 98110-3933 on the date that this Answer was filed in Court, with a courtesy copy by e-mail to thume@humepc.com.

>BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC
>
>By: _____
>Geoffrey T. Hervey, # 415907
>7315 Wisconsin Avenue, Suite 800 West
>Bethesda, Maryland 20814
>301-656-2707 phone
>301-961-6525 fax
>ghervey@bregmanlaw.com
>Counsel for Defendants Hume & Assoc., P.C. and Jon C. Cooper, Ph.D.