UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PT (PERSERO) MERPATI
    NUSANTARA AIRLINES

                Plaintiff,

v.                              Case No.: 1:07CV 01701 (RJL)

HUME & ASSOCIATES, P.C., et al.

                Defendants.

**ANSWER OF ROBERT T. HUME
AND CROSS CLAIM**

      Defendant Robert T. Hume, by and through his attorney, Jonathan Zucker, answers the Complaint against him and denies any and all such allegations, and further admits or denies the specific allegations of the Complaint, states affirmative defenses and cross claims as follows:

JURISDICTION AND VENUE

      1.      Defendant admits the allegations in paragraph 1.

      2.      Defendant admits the allegations in paragraph 2.

PARTIES

      3.      Defendant is without knowledge or information sufficient to admit or deny the allegation in paragraph 3 and as a consequence they are denied.

      4.      Defendant admits the allegations in paragraph 4.

      5.      Defendant admits that Thirdstone is engaged in the business of leasing commercial aircraft. Defendant is without knowledge or information sufficient to admit or deny the balance of the allegations in paragraph 5 and as a consequence they are denied.

6. Defendant admits that Hume is a resident of the State of Washington, was President of Hume & Associates until January 9, 2007, and that Hume & Associates conducted business in the District of Columbia. Defendant denies the balance of the allegations contained in paragraph 6 and demands strict proof thereof.

7. Defendant admits that Cooper received all or a portion of the funds at issue in this cause of action and is without knowledge or information sufficient to admit or deny the balance of the allegations in paragraph 7.

8. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 8 and on that basis they are denied.

## FACTUAL BACKGROUND

9. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 9 and on that basis they are denied.

10. Defendant denies the allegation in paragraph 10 and demands strict proof thereof.

11. Defendant is without knowledge or information sufficient to admit or deny the allegation in paragraphs 11 and on that basis it is denied.

12. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 12 and on that basis they are denied.

13. Defendant denies the allegations in paragraph 13.

14. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 14 and on that basis they are denied.

15. Defendant denies the allegations in paragraph 15.

16.  Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 16 and on that basis they are denied.

17.  Defendant is without knowledge or information sufficient to admit or deny the allegation in paragraph 17 and on that basis it is denied.

18.  Defendant denies the allegations in paragraph 18.

19.  Defendant admits the allegations of paragraph 19 to the extent that funds were transferred into to a Hume & Associates' PNC Bank account on or about December 20, 2006.  Defendant is without knowledge or information sufficient to admit or deny the balance of the allegations in paragraph 19 and as a consequence they are denied.

20.  Defendant is without knowledge or information sufficient to admit or deny the allegation in paragraph 20 and on that basis it is denied.

21.  Defendant is without knowledge or information sufficient to admit or deny the allegation in paragraph 21 and on that basis it is denied.

22.  Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 22 and on that basis it is denied.

23.  Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 23 and on that basis it is denied.

24.  Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 24 and on that basis it is denied.

25.  Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 25 except that Defendant admits that Merpati, through its agents and representatives, requested that Hume contact Cooper and Messner for return of its Security Deposit.

26. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 26, except to admit that Hume has not transferred any funds to Merpati.

27. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 27 except to admit that Cooper transferred funds from a Hume & Associates bank account on December 21, 2006.

28. Defendant denies the allegations in paragraph 28 and demands strict proof thereof.

29. This Defendant is without knowledge or information sufficient to admit or deny the allegation in paragraph 29 and on that basis it is denied.

## COUNT I
### (Breach of Contract)

30. In response to paragraph 30, Defendant incorporates by reference his answers to paragraphs 1-29 of the Complaint as set forth above as if fully set out herein.

31. Defendant denies the allegation in paragraphs 31.

32. Defendant denies the allegation in paragraphs 32.

33. Defendant denies the allegation in paragraph 33and also denies that Hume is liable to plaintiff for the relief sought in Count I.

## COUNT II
### (Breach of Fiduciary Duty)

34. In response to paragraph 34, Defendant incorporates by reference his answers to paragraphs 1-29 of the Complaint as set forth above as if fully set out herein.

35. Defendant denies the allegation in paragraph 35.

36. Defendant denies the allegations in paragraphs 36 and also denies that Hume is liable to plaintiff for the relief sought in Count II.

## COUNT III
### (Negligence)

37. In response to paragraph 37, Defendant incorporates by reference his answers to paragraphs 1-29 of the Complaint as set forth above as if fully set out herein.

38. Defendant denies the allegation in paragraph 38.

39. Defendant denies the allegations in paragraphs 39.

40. Defendant denies the allegation in paragraph 40 and also denies that Hume is liable to plaintiff for the relief sought in Count III.

## COUNT IV
### (Conversion)

41. In response to paragraph 41, Defendant incorporates by reference his answers to paragraphs 1-29 of the Complaint as set forth above as if fully set out herein.

42. Defendant denies the allegations in paragraph 42 except to admit that Cooper caused funds to be transferred from a Hume & Associates bank account on December 21, 2006.

43. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraphs 43 and as a consequence they are denied.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Defendant admits the allegations in paragraph 46 to the extent that agents and/or representatives of Merpati requested that Hume contact Cooper and Messner regarding return of a Security Deposit.

47. Defendant denies the allegation in paragraph 47.

48. Defendant denies the allegation in paragraph 48.

49. Defendant denies the allegation in paragraphs 49.

50. Defendant denies the allegation in paragraph and 50 and denies that Hume is liable to plaintiff for the relief sought in Count IV.

## COUNT V
### (Accounting)

51. In response to paragraph 51, Defendant incorporates by reference his answers to paragraphs 1-29 of the Complaint as set forth above as if fully set out herein.

52. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraphs 52 and as a consequence they are denied.

53. Defendant denies the allegation in paragraph 53. This Defendant also denies that Hume is liable to plaintiff for the relief sought in Count V.

## COUNT VI
### (Injunction)

54. In response to paragraph 54, Defendant incorporates by reference his answers to paragraphs 1-29 of the Complaint as set forth above as if fully set out herein.

55. This Defendant has no knowledge or information sufficient to admit or deny the allegations in paragraphs 55 and on that basis they are denied.

56. Defendant has no knowledge or information sufficient to admit or deny the allegations in paragraph 56 and on that basis they are denied. This Defendant also denies that Hume is liable to plaintiff for the relief sought in Count VI.

## FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted against this Defendant.

## SECOND DEFENSE

The Complaint is barred, in whole or in part by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part for Lack of Privity.

## FOURTH DEFENSE

The alleged damages, if any, of which Plaintiff complains, were not proximately caused by or contributed to by any act or omission of Defendant Hume. To the extent that Plaintiff suffers from any alleged injuries or damages, those alleged injuries or damages were caused solely by the acts or omissions of Plaintiff and/or the acts or omissions of persons other than Defendant Hume and for whom Defendant Hume is not legally responsible.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

WHEREFORE, Defendant Hume having fully answered the Complaint, respectfully prays that Plaintiff's claims against it be dismissed with prejudice.

## CROSS CLAIM

Defendant Robert T. Hume ("Hume"), by way of cross claim against Defendants Jon C. Cooper ("Cooper") and Hume & Associates, P.C. ("The Firm") hereby says:

1. Hume was the sole shareholder and President of The Firm until January 9, 2007, when the firm was sold to codefendant Cooper.

2. At all relevant times prior to the sale of The Firm, Hume had relocated to the west coast, and was planning to close The Firm.

3. On or about June, 2005, Hume agreed to allow Cooper to use The Firm's offices while Cooper developed his own environmental consulting practice.

4. Because Hume was in California and Cooper was using The Firm's offices, Hume gave Cooper signatory authority on the Hume & Associates' PNC back account in order to facilitate payment of The Firm's operating expenses.

5. At no time prior to the sale of The Firm on January 9, 2007, did Cooper have authority to act on behalf of The Firm to accept security deposits from Merpati Airlines, or to use The Firm's PNC bank account for any purpose other than payment of the firm's operating expenses.

6. At no time did Hume have any involvement in any transaction with Thirdstone or Merpati.

7. Hume had no knowledge that Merpati's security deposit had been placed into The Firm's PNC account, until so informed by representatives of plaintiff, sometime after Hume sold The Firm to Cooper.

8. Cooper improperly and without authority caused the plaintiff's security deposit to be placed into The Firm's PNC bank account on or about December 20, 2006.

9. Cooper improperly and without authority withdrew funds from The Firm's PNC account on or about December 21, 2006.

10. Upon information and belief, Cooper used a portion of plaintiff's security deposit to purchase The Firm from Hume on January 9, 2007.

11. Since Hume became aware of Cooper's actions and first confronted him about it in February, 2007, Cooper has consistently acknowledged that Hume had nothing to do with the Merpati security deposit.

12. Knowing that Hume had nothing to do with the Merpati security deposit and on consideration of Hume agreeing to remain "of Counsel" to The Firm for the purpose of representing The Firm for all activities related to hand tools, Cooper, on behalf of The Firm, agreed to indemnify Hume in all situations related to Merpati.

13. While denying any wrongdoing, and while denying any liability of the Defendant, Hume, for damages alleged, if judgment is recovered by the Plaintiff against Defendant Hume, it is asserted that the alleged negligence, if any, was merely constructive, technical, imputed or vicarious and that the Plaintiff's damages, if any, arose through Defendant Cooper's direct and primary negligence, breach of fiduciary duty and conversion. The answering Defendant, Robert T. Hume, hereby demands indemnification from co-defendant Cooper.

14. If judgment is recovered by the Plaintiff against Hume, Hume & Associates Defendant Robert T. Hume hereby demands indemnification from co-defendant Hume & Associates, P.C. in accordance with its agreement.

WHEREFORE, judgment is demanded against co-Defendants, Cooper and Hume & Associates, P.C., jointly and severally for complete indemnification, including attorney's fees and costs for this suit.

## JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

                                        Respectfully submitted,

                                        /s/ Jonathan Zucker
                                        Jonathan Zucker, #384629
                                        514 10th Street, N.W.
                                        9th Floor
                                        Washington, DC 20004
                                        (202) 624-0784

                                        Counsel for Defendant Robert T. Hume